**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4367**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

RAHEEL RAFIQ,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(CR-02-1187)

─────────────

Submitted:  October 27, 2004       Decided:  November 24, 2004

─────────────

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Christopher J. Moran, Columbia, South Carolina, for Appellant.
Kevin Frank McDonald, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Raheel Rafiq was convicted by a jury for knowingly entering a marriage for the purpose of evading a provision of the immigration laws, in violation of 8 U.S.C. § 1325(c) (2000). The district court sentenced him to six months of imprisonment followed by three years of supervised release. Rafiq's counsel filed an appeal brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising for the court's consideration the sufficiency of the evidence to establish that offense but stating that, in his view, there were no meritorious grounds for appeal. Rafiq has been informed of his right to file a pro se supplemental brief, but he has not done so. We affirm Rafiq's conviction and sentence.

This court reviews de novo the district court's decision to deny a Fed. R. Crim. P. 29 motion for acquittal. United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003)

- 2 -

(quoting <u>United States v. Burgos</u>, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).

In order to sustain a conviction for marriage fraud under 8 U.S.C. § 1325(c), the Government must prove beyond a reasonable doubt that (1) the alien knowingly entered into a marriage; (2) the marriage was entered into for the purpose of evading a provision of the immigration law; and (3) the alien knew or had reason to know of the immigration laws. <u>United States v. Chowdhury</u>, 169 F.3d 402, 405-06 (6th Cir. 1999); <u>United States v. Ali</u>, __ F. Supp. 2d __, __, 2004 WL 1557357, at *3 (D. Kan. July 9, 2004). A review of the evidence presented at trial convinces us that the Government established these elements.

As required by <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Rafiq's conviction and sentence. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>